UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 13-101

ROY E. BERKOWITZ                            SECTION "R"


## ORDER AND REASONS

Defendant Roy E. Berkowitz moves to vacate his sentence under 28 U.S.C. § 2255.[1]  He also moves for a temporary restraining order.[2]  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  For the following reasons, Berkowitz's motions are denied.


I.    BACKGROUND

On September 25, 2014, Berkowitz was charged in a second superseding indictment (the indictment) with (1) conspiracy to commit healthcare fraud, in violation of 18 U.S.C. §§ 1347, 1349 (count one); and (2) two substantive counts of healthcare fraud, in violation of 18 U.S.C. § 1347

---

[1]    R. Doc. 859; R. Doc. 887.
[2]    R. Doc. 930.

(counts 10 and 11).[3]   During the period in which the charged conduct occurred, Berkowitz was a medical doctor licensed in the State of Louisiana.[4] The indictment states that from April 2005 to around July 2014, Berkowitz conspired with others to (1) refer Medicare beneficiaries for home health services that were medically unnecessary and, in some cases, were not rendered; and (2) to prescribe durable medical equipment that was not medically necessary.[5]   As a result of these referrals, Berkowitz caused the submission of false and fraudulent claims to Medicare.[6]   The indictment further states that Berkowitz's co-conspirators paid him money in exchange for these medical assessments and referrals.[7]   Finally, the indictment states that Berkowitz was the referring physician for approximately $4,952,816 in claims to Medicare.[8]

Berkowitz went to trial.[9]   At trial, the jury heard testimony that Berkowitz spent about ten to fifteen minutes "at most" with each new patient, and that he never performed a physical exam to see if a new patient was

---

[3]   R. Doc. 114.
[4]   *Id.* at 9.
[5]   *Id.* at 13.
[6]   *Id.*
[7]   *Id.*
[8]   *Id.* at 9.
[9]   *See* R. Doc. 779-1.

mobile.[10]   Berkowitz also admitted that he knew some of the patients he certified as homebound were not homebound, and that the certification forms he signed were already filled out by the staff of his co-defendant, Mark Morad.[11]   The jury convicted Berkowitz on all counts.[12]

On December 16, 2015, Berkowitz was sentenced to a term of imprisonment of 64 months on all counts, to run concurrently, and two years of supervised release, also to run concurrently.[13]   This sentence constituted a variance from Berkowitz's guideline range under the United States Sentencing Guidelines.[14]   The Court also found that Berkowitz was jointly and severally liable with his co-conspirators to pay $4,952,816 in restitution to Medicare, which was mandatory under 18 U.S.C. § 3663A.[15]   This restitution amount corresponded to the amount of the fraudulent claims to Medicare for which Berkowitz was responsible, according to the indictment.[16]   This restitution amount was included in Berkowitz's final

---

[10]     *Id.* at 8.

[11]     *Id.* at 8-9.

[12]     R. Doc. 341 at 2.

[13]     R. Doc. 512 at 2-3.

[14]     R. Doc. 556 at 4-6 (Court stating at sentencing that Berkowitz's advisory guideline range was 97 to 120 months imprisonment, and varying from that range).

[15]     R. Doc. 512 at 5; R. Doc. 556 at 6.

[16]     R. Doc. 114 at 9.

presentence investigation report.[17]   Neither Berkowitz nor his counsel objected to the restitution amount at sentencing.[18]

Berkowitz appealed his convictions on the grounds that the evidence at trial was insufficient to find that he had knowledge of the conspiracy to commit healthcare fraud.[19]  The Fifth Circuit Court of Appeals affirmed his conviction on February 13, 2017.[20]  Berkowitz now moves to vacate his sentence under 28 U.S.C. § 2255.[21]  Berkowitz initially alleged that his trial counsel provided ineffective assistance in eight different ways.[22]  But in his reply brief, Berkowitz states that he wishes to voluntarily dismiss grounds two through eight in his petition.[23]  He further states that he is "fully aware that dismissal of these claims means that [he] will not be able to seek relief on those grounds at any time."[24]  Because Berkowitz has voluntarily dismissed these claims, the Court will address only the first claim in his petition.  Berkowitz argues in this claim that his counsel provided ineffective assistance by failing to object at sentencing and on appeal to the restitution

---

[17]    R. Doc. 398 at 32.
[18]    *See* R. Doc. 556 at 3.
[19]    R. Doc. 779-1 at 6-8.
[20]    *Id.*
[21]    R. Doc. 859; R. Doc. 887.
[22]    *Id.*
[23]    R. Doc. 914 at 3.
[24]    *Id.*

4

amount of $4,952,816, which he is jointly and severally liable to repay with his co-conspirators.[25]   Berkowitz also moves for a temporary restraining order to prevent the United States from enforcing the restitution order until the Court has ruled on his Section 2255 motion.[26]  For the following reasons, the Court denies both motions.

## II.    STANDARD OF REVIEW

### A.    28 U.S.C. § 2255

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  Only a narrow set of claims are cognizable on a Section 2255 motion.  The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."  *Id.*  A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section

---

[25]    R. Doc. 859 at 14; R. Doc. 914.

[26]    R. Doc. 930

2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Id.*, Rules 6-7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. *Id.*, Rule 8. An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the

likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## B.    Ineffective Assistance of Counsel

To establish a claim of constitutionally ineffective assistance of counsel, a petitioner must show both (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance, the likely outcome of the proceeding would have been

7

different.  *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). The petitioner must meet both prongs of the *Strickland* test and, if the Court finds that the petitioner has made an insufficient showing as to either prong, the Court may dispose of the claim without addressing the other prong.  *See id.* at 697.

As to the first prong of the *Strickland* test, counsel's performance must be compared to "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). A court should not find inadequate representation merely because, with the benefit of hindsight, the court disagrees with counsel's strategic choices. *Id.*  The Fifth Circuit has made clear that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Id.* (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)).  As to the second *Strickland* prong, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

## III.   DISCUSSION

### A.   Section 2255 Motion

Berkowitz alleges that his counsel provided ineffective assistance by failing to object at sentencing to the restitution amount of $4,952,816, which his is jointly and severally liable to repay with his co-conspirators.[27]   He further alleges that his counsel was ineffective by failing to raise this argument on appeal.[28]   Berkowitz asserts that he should have been ordered to repay as restitution only $107,760, which he says corresponds to the amount he actually acquired through the fraudulent scheme.[29]   He argues that the Supreme Court's decision in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), which was issued a year and a half after he was sentenced, indicates that this is the proper restitution amount.[30]

First, Berkowitz's claim is unavailing because he asserts that his counsel was ineffective for failing to object to the restitution amount on the basis of a Supreme Court decision that was issued *after* his sentencing and

---

[27]   R. Doc. 859 at 14.
[28]   R. Doc. 914 at 1.
[29]   R. Doc. 859 at 14.
[30]   *Id.*; R. Doc. 914 at 1.

*after* the Fifth Circuit affirmed his appeal.[31]  This is obviously not cognizable as an ineffective assistance of counsel claim.

Second, even if *Honeycutt* had been issued before Berkowitz's sentencing and appeal, his counsel would not have been deficient for failing to object to his restitution amount.  In *Honeycutt*, the Supreme Court found that the federal statute mandating forfeiture for certain drug crimes—21 U.S.C. § 853—did not allow for a co-conspirator defendant to be held jointly and severally liable for amounts the defendant did not actually acquire.  137 S. Ct. at 1632-33.  The Fifth Circuit has since applied this rule to a forfeiture order in the context of a conspiracy to commit healthcare fraud.  *See United States v. Sanjar*, 876 F.3d 725, 748-49 (5th Cir. 2017).

But both *Honeycutt* and *Sanjar* involved interpretations of the relevant *forfeiture* statutes, not orders of restitution pursuant to 18 U.S.C. § 3663A, the Mandatory Victims Restitution Act.  Under Section 3663A, the district court can order a defendant to pay "restitution for the losses resulting from [an] entire fraudulent scheme and not merely the losses directly attributable to the defendant's actions."  *United States v. Shelton*, 694 F. App'x 220, 223-24 (5th Cir. 2017) (quoting *United States v. Ismoila*, 100

---

[31]     *See* R. Doc. 512 (judgment imposed December 16, 2015); R. Doc. 779-1 (Fifth Circuit opinion dated February 13, 2017).  The *Honeycutt* decision was not issued until June 5, 2017.  137 S. Ct. 1626.

F.3d 380, 398-99 (5th Cir. 1996)).   This is because "a participant in a conspiracy is legally liable for all the actions of his co-conspirators."  *Id.* at 223.   Nothing in *Honeycutt* or *Sanjar* upsets the manner in which courts apply Section 3663A.  *See Sanjar*, 876 F.3d at 751 ("restitution and forfeiture serve distinct purposes").[32]   In fact, in *Sanjar*, the Fifth Circuit upheld the district court's order holding the defendants jointly and severally liable in restitution for the total amount obtained in the conspiracy, while vacating a forfeiture order in light of *Honeycutt.  Id.* at 748-49 (holding defendant Adam Main jointly liable in restitution for $4,044,409.70, but overturning the judgment holding Main obligated to pay that same amount under the relevant forfeiture statute).   There is thus no doubt that the law governing restitution remains unchanged after *Honeycutt*.

In all, Berkowitz fails to present any evidence that the $4,952,816 he was ordered to pay in restitution was incorrect, or that his attorney's

---

[32]   The Fifth Circuit explained that "[r]estitution is remedial in nature," with the goal "to make the victim whole," while "[f]orfeiture is punitive," with the goal to "disgorge any profits or property an offender obtains from illicit activity."  *Sanjar*, 876 F.3d at 751.   It is therefore sensible to hold co-conspirators jointly and severally liable in restitution for the full amount of the victim's loss, because doing so better ensures that the victim will be made whole.   But that same policy objective is not present in the context of forfeiture.

performance was deficient for failing to object to this amount at sentencing or on appeal.

### B. Evidentiary Hearing

The Court finds that an evidentiary hearing is not required, because Berkowitz has failed to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006). Instead, the record conclusively shows that Berkowitz is not entitled to relief. *See* 28 U.S.C. § 2255(b).

### C. Motion for a Temporary Restraining Order

Because the Court finds that there is no merit to Berkowitz's Section 2255 motion and accordingly dismisses it, his motion for a temporary restraining order is also dismissed.

### D. Certificate of Appealability

When a district court enters a final order adverse to a petitioner under 28 U.S.C. § 2255, the court must issue or deny a certificate of appealability. Rules Governing Section 2255 Proceedings, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter,

12

agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack*, 529 U.S. at 484).

Berkowitz's motion does not satisfy these standards. For the reasons stated in this order, the Court finds that Berkowitz's arguments do not amount to a substantial showing that his constitutional rights were compromised, nor would they engender any type of debate among reasonable jurists. Accordingly, the Court will not issue a certificate of appealability.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Berkowitz's 28 U.S.C. § 2255 motion and his motion for a temporary restraining order.  The Court will not issue a certificate of appealability.


New Orleans, Louisiana, this \_\_\_13th\_\_\_ day of June, 2019.


_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE